IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORINE O'DELL, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16-5211 |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RECOVERY AGENCY, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 15th day of August, 2018, after considering the following: (1) the motion for summary judgment filed by the plaintiff, Corine O'Dell ("O'Dell") (Doc. No. 88); (2) the response in opposition to O'Dell's motion for summary judgment filed by the defendant, National Recovery Agency ("NRA") (Doc. No. 101); (3) O'Dell's reply to NRA's response in opposition to the motion for summary judgment (Doc. No. 103); (4) the motion for summary judgment filed by NRA (Doc. No. 90); (5) O'Dell's response in opposition to NRA's motion for summary judgment (Doc. No. 100); and (6) NRA's reply to O'Dell's response in opposition to the motion for summary judgment (Doc. No. 104); and after hearing oral argument on the motions for summary judgment on August 14, 2018; accordingly, it is hereby **ORDERED** as follows:

    1.    The motions for summary judgment (Doc. Nos. 88, 90) are **DENIED**;[1] and

---

[1] As a preliminary matter, NRA contends that O'Dell lacks constitutional standing to pursue this case. *See* Def. National Recovery Agency's Br. Supp. Mot. Summ. J. ("Def.'s Br.") at 6−10, Doc. No. 90-1. This is not the first time NRA has raised this argument. In opposition to class certification, NRA sought dismissal on standing grounds. *See* Def. National Recovery Agency's Br. Opp. to Pl.'s Mot. Class Certification at 4–8, Doc. No. 68. The court disagreed with NRA's argument, found that O'Dell had standing, and granted the motion for class certification. *See* Mem. Op. at 6–9, Doc. No. 78.

    For the reasons outlined in court's class certification opinion, the court again finds that O'Dell possesses constitutional standing to pursue this case. *See id.* Regarding injury-in-fact, the court acknowledges that the harm in this case was almost entirely procedural. That said, Congress has the ability to define harms; incurring a harm that Congress sought to prevent is sufficient to confer standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549–

2. The court will hold a telephone conference in the above-captioned case on **Friday**, **August 17**, **2018**, at **1:30 p.m.** Counsel for the plaintiff shall initiate the call by contacting the undersigned's civil deputy at (610) 333-1833 once all parties are present on the call.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

50 (2016). Here, the harm that O'Dell allegedly suffered is the type of harm that Congress sought to prevent when it passed the FDCPA. *See Abraham v. Ocwen Loan Servicing, LLC*, 321 F.R.D. 125, 168 (E.D. Pa. 2017) ("As the case law makes clear, it is sufficient under Spokeo if the FDCPA claim asserts that the character of a debt has been misrepresented since that is the kind of injury the FDCPA was intended to guard against, and no additional harm need be alleged.").

In regards to the merits of the motions for summary judgment, the court denies both motions because there is a genuine dispute of a material fact. A court should grant a motion for summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, there is a genuine dispute on the third element of the *bona fide* error defense. Specifically, there is a genuine dispute regarding whether NRA's "error occurred despite 'maintenance of procedures reasonably adapted to avoid any such error.'" *Richburg v. Palisades Collection LLC*, 247 F.R.D. 457, 468 (E.D. Pa. 2008) (citation omitted); *see also Johnson v. Riddle*, 443 F.3d 723, 730 (10th Cir. 2006) (reversing district court's grant of summary judgment in favor of defendant because a genuine dispute of material fact existed on all three prongs of the *bona fide* error defense).

The *bona fide* error defense operates to protect defendants from FDCPA liability when the FDCPA violation was (1) unintentional, (2) a *bona fide* error, and (3) occurred despite the presence of procedures "reasonably adapted to avoid any such error." *Richburg*, 247 F.R.D. at 468 (internal quotation marks and citation omitted); *see also* 15 U.S.C. § 1692k(c). Because NRA does not appear to contest an initial FDCPA violation, *see* Def.'s Br., the dispositive issue is whether the *bona fide* error defense applies. On these facts, the court cannot decide as a matter of law that it does or does not.

Here, a reasonable jury could find that NRA had implemented and maintained procedures reasonably adapted to avoid this error. The error—improperly aged trade lines placed on O'Dell's and the class members' credit reports—occurred when NRA received accounts from Lancaster General Health that Lancaster General Health had previously pulled from NRA due to Lancaster General Health's computer system upgrade. *See* Mem. Op. at 4–5. At the same time, NRA happened to also be upgrading its computer systems. *See id.* at 4 n. 4. Needless to say, a combination of nearly unforeseeable circumstances caused this error. *See* Def.'s Br. at 2–3. Moreover, as NRA appears to have removed the trade lines before they did any real damage, the error resulted in a minute, borderline *de minimis* injury. *See id.* at 2–4. Given the unlikelihood of the harm and its seemingly inconsequential nature, a reasonable jury could conclude that NRA's generalized compliance measures were reasonably adapted to avoid this error. *See id.* at 15–16 (discussing NRA's compliance training and measures).

But a reasonable jury could also find that NRA did not have procedures reasonably adapted to avoid this error. As O'Dell points out, dates of first delinquency and placement on trade lines should always be different. *See* Br. Supp. Pl.'s Opp. Def.'s Mot. Summ. J. at 8–13, Doc. No. 100. When NRA re-listed the accounts at issue, the dates of first delinquency and placement were the same. *See id.* Thousands of accounts placed with NRA had this error, yet NRA did not catch it for months. *See id.* O'Dell contends that—despite the unlikely circumstances giving rise to the error—reasonably adapted compliance procedures should have caught it. A reasonable jury could agree.

For these reasons, the court denies both motions for summary judgment.